UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| GERALD LAMONT CUMMINGS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:11-CR-76-HSM-SKL-3 |
| | ) | | 1:15-CV-356-HSM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 180]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague [*Id.*]. The United States responded in opposition on February 3, 2016 [Doc. 184], Petitioner replied in turn [Doc. 185]. For reasons set forth below, the petition [Doc. 180] will be **DENIED** and **DISMISSED**.

**I. BACKGROUND**

Petitioner pled guilty, pursuant to a written plea agreement, to conspiring to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) [Doc. 59 ¶ 1]. In that agreement, he admitted to "purchas[ing] and distribut[ing] [crack cocaine] on at least four occasions, with the amounts varying between approximately ten and more than twenty-eight grams" at a time [*Id.* ¶ 4(c)]. He went on to "knowingly and voluntarily waive the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255" [*Id.* ¶ 13(b)]. Based on prior Tennessee robbery convictions, he was deemed a career offender and sentenced to a bottom-of-the-guidelines 188-month term of imprisonment on December 19, 2012 [Doc. 153].

No direct appeal was taken and, on December 31, 2015, Petitioner filed the current § 2255 motion in an attempt to extend the Supreme Court's holding in *Johnson* to invalidate the residual clause found in Section 4B1.2(a) of the Sentencing Guidelines [Doc. 180 (arguing the Court's reasoning applies equally to Section 4B1.2's residual clause and, without that provision, he can no longer be classified as a career offender subject to enhancement)].

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

### A. Timeliness of Petition

Petitioner attacks his sentence by arguing that *Johnson* precludes his continued categorization as a career offender [Doc. 180 (implying that *Johnson*'s holding extends to identical provisions of the Guidelines and, as a result, his prior convictions no longer qualify as career-offender predicates)]. The Court finds that it need not address whether the petition is timely because, even assuming the Court were to find that *Johnson*'s application in the Guideline context triggered a renewed window under § 2255(f)(3), *see* 28 U.S.C. § 2255(f)(3) (providing

an alternative commencement from "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"), Petitioner's proposed claim would fail as a matter of law.

## B. Categorization as Career Offender after *Johnson v. United States*

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates. The Sixth Circuit recently held that the same vagueness analysis renders the Guidelines' parallel residual clause constitutionally infirm. *See United States v. Pawlak*, 822 F.3d 902, 911 (2016) (concluding that the "rationale of *Johnson* applies equally" to the Guidelines' residual clause).

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 180].

3

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under an unaffected provision of Section 4B1.2 or "controlled substance offenses." *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

A review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to collateral relief. Specifically, binding Sixth Circuit precedent dictates that both of Petitioner's Tennessee robbery convictions [PSR ¶¶ 78, 83], categorically qualify as career-offender predicates under Section 4B1.2(a)(1)'s

4

use-of-physical-force clause. *See, e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that Tennessee robbery is a violent felony under the ACCA's use-of-physical-force clause); *United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("*Johnson* leaves unaffected this Court's determination that simple robbery in Tennessee is a predicate offense under 'the use-of-physical-force' clause"); *United States v. Kemmerling*, 612 F. App'x 373, 375–76 (6th Cir. 2015) (reiterating that *Johnson* did not affect the use-of-physical-force clause). Because the *Johnson* decision is inapposite, it cannot serve as a basis for granting relief.

**IV.   CONCLUSION**

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 180] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

      */s/ Harry S. Mattice, Jr.*      
      HARRY S. MATTICE, JR.
      UNITED STATES DISTRICT JUDGE